**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

**KELLI PRATHER,**

      **Plaintiff,**

     **v.**                             **Case No.  1:25-cv-679**
                                         **Judge Douglas R. Cole**

**UNITED STATES OF AMERICA, et al.,**      **Magistrate Judge Kimberly A. Jolson**

      **Defendants.**

<u>**ORDER AND REPORT AND RECOMMENDATION**</u>

Plaintiff Kelli Prather, a federal inmate who is incarcerated at the FMC Lexington, has three pro se prisoner civil rights cases pending before this Court:

    1.  *Kelli Prather v. United States of America, et al.*, Case No. 1:25-cv-679 (S.D. Ohio Sept. 16, 2025);

    2.  *Kelli Prather v. United States Senator Jon Husted, et al.*, Case No. 1:25-cv-809 (S.D. Ohio Nov. 7, 2025); and

    3.  *Kelli Prather v. Vice President J.D. Vance, et al.*, Case No. 1:25-cv-874 (S.D. Ohio Dec. 1, 2025).

All three cases were deemed related and assigned to the Honorable Douglas R. Cole and the undersigned Magistrate Judge.  By separate order in Case No. 1:25-cv-679, Plaintiff has been granted leave to proceed *in forma pauperis*.  (Doc. 8).

Plaintiff's Complaints are difficult to read, and it is often unclear what type of claims she is trying to bring.  In any event, because the Complaints in Case Nos. 1:25-cv-679; 1:25-cv-809; and 1:25-cv-874 contain a pattern of duplicate and overlapping allegations, the Court **RECOMMENDS** that Case No. 1:25-cv-809 and Case No. 1:25-cv-874 be **DISMISSED without prejudice**.  To proceed with Case No. 1:25-cv-679, Plaintiff will have to file an amended complaint that is more concise and conforms with the federal and local rules of civil procedure.

She will have **thirty (30) days** from the date of this Order to do so.

**I.     Case No. 1:25-cv-679**

In the instant case, Plaintiff filed a Complaint on September 16, 2025, against the United States of America and Fifth Third Bank, Inc.  She raised claims arguing that Defendant Fifth Third Bank subjected her to years of discriminatory loan practices that led to her being criminally charged for bank fraud, wire fraud, aggravated identity theft, and making a false statement on a loan application (S.D. Ohio Case No. 1:21-cr-000381).  (Doc. 1).  On November 25, 2025, the Undersigned issued a Report and Recommendations recommending that the Complaint be dismissed with prejudice and that Plaintiff's state-law claims be dismissed without prejudice. (Doc. 9 at 62).

In response, Plaintiff filed a motion to amend on December 19, 2025, requesting: (1)  Vice President J.D. Vance be substituted for Defendant United States of America; (2) 45 claims be added to the Complaint; and (3) Case No. 1:25-cv-679 be merged with Case No. 1:25-cv-809. (Doc. 11). She attached a 54-page proposed amended complaint raising 45 claims against over 50 different defendants involving alleged incidents that occurred in 2 different states over a span of 25 years.  (Doc. 11-1).

A few days later, on December 22, 2025, Plaintiff objected to the Report and Recommendation, though she failed to offer any specific objection.  (Doc. 12).  She also moved to stay collection of the full filing fee and to stay court proceedings while Plaintiff tried to obtain counsel.  (Doc. 13).  She also filed another motion to amend that reiterated the same three requests raised in her other motion to amend.  (Doc. 14).

Then, on December 31, 2025, Plaintiff filed an Amended Complaint that raised the same

2

claims and allegations set forth in her original Doc. 1 Complaint (only this time typed instead of handwritten). (Doc. 17).

Two days later, on January 2, 2026, Plaintiff filed another Amended Complaint, totaling 60 pages, that simply combined her Doc. 17 and Doc. 11 Complaints. (Doc. 18). That same day, she filed an "Amendment" making the same three requests raised in Docs. 11 and 14. (Doc. 19). And she filed another "Request" to stay collection of the full filing fee (Doc. 20), as well as another Objection to the Report and Recommendation that raised no specific objection (Doc. 21).

Finally, on February 13, 2026, Plaintiff filed yet another Amended Complaint that appears to be a repeat of the Doc. 17 Amended Complaint.

## II. Case No. 1:25-cv-809

In Case No. 1:25-cv-809, Plaintiff filed a 57-page Complaint raising many of the same claims raised in Case No. 1:25-cv-679. (Doc. 1-1).

## III. Case No. 1:25-cv-874

In Case No. 1:25-cv-874, Plaintiff filed a 274-page Complaint against 49 defendants, 90 civil cover sheets, and service documents totaling 180 pages. (Doc. 1). This Complaint appears to include the same allegations set forth in Case Nos. 1:25-cv-679 and 1:25-cv-809.

## IV. Order for Amended Complaint

As noted above, the Complaints filed by Plaintiff in Case Nos. 1:25-cv-679, 1:25-cv-804, and 1:25-cv-874 set forth allegations against federal, state, and local officials, as well as other private individuals and entities. As best as the Undersigned can tell, the Amended Complaint in the instant case, Case No. 1:25-cv-679 (Doc. 11-1), raises allegations against numerous federal, state, and local officials stemming from Plaintiff's allegedly sabotaged bid to run for federal office,

3

the defamation of her character, and resulting criminal charges for election crimes.  She also raises claims challenging the conditions of her confinement at the Hamilton County Justice Center, including deliberate indifference to serious medical conditions, deprivation of her right to a speedy trial, and infringement upon her quest for a presidential pardon.  She rehashes challenges to her federal CARES Act conviction.  And she raises assorted allegations against officials in New York, as well as federal, state, local officials in Ohio, alleging malfeasance in finance, real estate, and community development projects targeted at Plaintiff in retaliation for speaking out against local corruption and police abuses.

Since the time that the Undersigned issued the Doc. 9 Report and Recommendations addressing Plaintiff's initial Doc. 1 Complaint, Plaintiff has filed two motions to amend, five amended complaints, two motions to stay collection of the filing fee, and two additional cases: Case Nos. 1:25-cv-809 and 1:25-cv-874.  At this point in the proceedings, Plaintiff's allegations span multiple documents in three cases and appear to concern separate and distinct transactions, occurrences, and defendants.

For all these reasons, the best course is for two of Plaintiff's duplicative, sprawling cases to be dismissed and for her to amend her Complaint in this case to comply with Federal Rule of Civil Procedure 8.  Accordingly, the Undersigned **RECOMMENDS** that Case No. 1:25-cv-809 and Case No. 1:25-cv-874 **be DISMISSED without prejudice**.  And the Court **ORDERS** Plaintiff to file an Amended Complaint on this case that adheres to the following guidelines.

According to Fed. R. Civ. P. 8(a), a complaint must contain a "short and plain statement of the claim."  Plaintiff's amended complaint **must not exceed 20 total pages in length** and must set forth in clear, short, and concise terms the names of each defendant, the specific claims for relief

4

attributable to each defendant, and the factual allegations supporting each claim.  And the factual allegations and claims **must** arise out of the same transaction or occurrence. Fed. R. Civ. P. 20(a)(2).  Permitting a prisoner to assert unrelated claims against different defendants in the same action would undermine the PLRA's purpose of curbing frivolous prisoner filings and dilute the impact of the statute's fee payment and three-strike provisions.  *See Gresham v. Washington*, No. 1:15-cv-1067, 2016 WL 81696, at *7 (W.D. Mich. Jan. 6, 2016) (collecting cases).  If Plaintiff wishes to seek relief based on unrelated claims, she must do so in separate actions.  Finally, as required by S.D. Ohio Local Rule 5.1, the complaint should be **legible** and **double-spaced**.

The Court **ORDERS** Plaintiff, within **thirty (30) days** of the date of this Order, to **FILE** a concise, Rule 8-compliant complaint.  The **Clerk** is **DIRECTED** to provide Plaintiff with a civil complaint packet and a copy of the Southern District of Ohio's Guide for *Pro Se* Civil Litigants.

**If Plaintiff fails to comply with this Order—or files an amended complaint that does not align with the guidelines above—the Court shall dismiss this case for want of prosecution**. *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997).  Should she need additional time to comply with the Order, Plaintiff should file a motion for extension of time.  Further, Plaintiff is **DIRECTED NOT TO FILE** any additional complaints or pleadings while the Court awaits the filing of the amended complaint directed by this Order.  Plaintiff is **WARNED** that duplicative or frivolous filings, or filings that contravene the Local or Federal Rules, may be struck from the docket or returned to her.

V.      **Motions to Amend and Amended Petitions**

Also pending before the Court are two motions to amend (Docs. 11 and 14) and five amended complaints (Docs 11-1, 17, 18, 19, and 23).  Because the Undersigned has ordered

5

Plaintiff to file an amended complaint, Docs. 11, 14, 17, 18, 19, and 23 are **DENIED without prejudice as moot**.

**VI.     Motions to Stay Collection of Filing Fee**

Finally, Plaintiff has filed motions to stay collection of the full filing fee. (1:25-cv-679, Docs. 13 and 20). By separate order, Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 8). Plaintiff asks the Court to stay the collection of the fulling filing fee until further notice. The Court cannot grant that motion.

This Court's authority is constrained by the Prison Litigation Reform Act ("PLRA"), which modified the statute governing federal *in forma pauperis* civil complaints brought by prisoners "in hopes of deterring prisoners (whom Congress determined to be a particularly litigious group) from filing frivolous lawsuits and potentially wasting the courts' very limited resources" by making those unable to pay the full filing fee upfront ultimately "bear the cost of the full amount" of that fee by way of monthly installment payments from their prison accounts. *See Ippolito v. Buss*, 293 F. Supp.2d 881, 882–83 & nn.2–3 (N.D. Ind. 2003) (and authorities cited therein); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).[1] Under the PLRA, the moment a prisoner files his complaint with the Court, he becomes "responsible for the filing fee" and "waive[s] any objection to the withdrawal of funds from his trust fund account to pay court fees and costs." *Patterson v. Mackie*, No. 13-15149, 2014 WL 1478437, at *1 (E.D. Mich. Apr. 15, 2014); *see also McGore*, 114 F.3d at 605 ("by filing the complaint . . ., the prisoner waives any objection to the fee assessment by the district court" and "to the withdrawal of funds from the trust

---

[1] The Undersigned notes that *McGore* has been overruled in part on other grounds by the Supreme Court in *Jones v. Bock*, 549 U.S. 199 (2007), and the Sixth Circuit in *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). The citations to *McGore* that are contained in this Order are proper because they do not pertain to the issues addressed in either *Jones* or *LaFountain*.

account by prison officials to pay the prisoner's court fees and costs").

>28 U.S.C. § 1915(b)(2) provides in pertinent part:

>After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The PLRA contains no language suggesting that the courts have authority or any discretion to allow prisoners to depart or deviate from the payment schedule explicitly set out in that statutory provision. *Cf. Ippolito*, 293 F. Supp.2d at 883 ("there is nothing [in § 1915(b)(2)] suggesting that the court may depart from the explicit language of the statute [or] that a prisoner may deviate from the payment schedule"). The Court therefore should deny Plaintiff's motions to stay collection of the full filing fee.

The Court should also deny the motion to the extent that Plaintiff seeks to make one combined 20% monthly installment payment for all of the cases in which she has been granted leave to proceed *in forma pauperis*. *Cf. Pinson v. Samuels*, 761 F.3d 1, 7–8 (D.C. Cir. 2014) (pointing out that under the "per person" approach to the collection of filing fees under the PLRA, "a prisoner would satisfy his obligations sequentially, first fully satisfying his obligation for his earliest case before moving on to the next one, at no time making any payment that would take his cumulative payments for that month beyond an overarching twenty-percent ceiling"; in contrast under the "per case" approach, the prisoner must "make a separate installment payment for *each* filing fee incurred as long as no *individual* payment exceeds twenty percent of his monthly income") (emphasis in original), *abrogated on other grounds, Pinson v. United States Department of Justice*, 964 F.3d 65, 69–70 (D.C. Cir. 2020).

7

The PLRA does not expressly state whether the fee is to be collected on a "per case" or "per prisoner" basis, and the circuits used to be split as to the answer. *See Pinson*, 761 F.3d at 7–8. In *Bruce v. Samuels*, 577 U.S. 82, 84 (2016), the Supreme Court settled the dispute, holding that the monthly installment payments are to be assessed on a per-case basis. This approach, the Court reasoned, "more vigorously serves the statutory objective of containing prisoner litigation." *Id.* at 90. Therefore, because the Supreme Court has clarified that monthly installment payments under the PLRA are to be assessed on a per case basis, Plaintiff's motion should also be denied to the extent that she requests that the Court consolidate her monthly payments.

Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's motions to stay collection of the full filing fee (Docs. 13, 20) be **DENIED.**

## VII.   Conclusion

The allegations set forth in the Complaints in Case No. 1:25-cv-809 and Case No. 1:25-cv-874 duplicate the allegations set forth in the instant Complaint, Case No. 1:25-cv-679. It is thus **RECOMMENDED** that Case No. 1:25-cv-809 and Case No. 1:25-cv-874 **be DISMISSED without prejudice** and **TERMINATED** on the docket. The Undersigned opts for dismissal over consolidation so that Plaintiff does not have to pay two filing fees to bring one dispute to the Court.

Further, the Undersigned **RECOMMENDS** that Plaintiff's motions to stay collection of the filing fee (Docs. 13 and 20) be **DENIED**. And Plaintiff's motions to amend or amended petitions (Docs. 11, 14, 17, 18, 19, and 23) are **DENIED without prejudice as moot**.

Finally, Plaintiff is **DIRECTED NOT TO FILE** any additional complaints or pleadings while the Court awaits the filing of the amended complaint directed by this Order.

The Clerk is **DIRECTED** to mail Plaintiff a civil complaint packet and the Southern

8

District of Ohio's Guide for *Pro Se* Civil Litigants.  The Clerk is also **DIRECTED** to file this Order and Report and Recommendation on Case No. 1:25-cv-809 and Case No. 1:25-cv-874, in addition to Case No. 1:25-cv-679.

     **IT IS SO ORDERED**.

Date:  February 20, 2026                /s/ Kimberly A. Jolson
                                               KIMBERLY A. JOLSON
                                               UNITED STATES MAGISTRATE JUDGE

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

9